Case 5:22-cv-00873-SLP Document 1-1 Filed 10/05/22 Page 1 of 9

ORIGINAL

\*1052752984\*

22-4299 Stinson

FILED IN DISTRICT COURT
OKLAHOMA COUNTY

SEP 01 2022

RICK WARREN
COURT CLERK
50 _____

# IN THE DISTRICT WITHIN AND FOR OKLAHOMA COUNTY
## STATE OF OKLAHOMA

| | |
|---|---|
| DALE BECKER, an individual resident of Oklahoma County, Oklahoma,<br><br>                       Plaintiff,<br>vs.<br><br>HARTFORD LIFE AND ACCIDENT INSURANCE COMPANY, a foreign (non-Oklahoma based) insurance company duly licensed and doing business in the State of Oklahoma,<br>                       Defendant. | Case No. CJ-2022-4299<br><br>**Attorneys' Lien Claimed** |

## COMPLAINT

Plaintiff Dale Becker, for his cause of action against Hartford Life And Accident Insurance Company ("Hartford"), alleges and states as follows:

### I. Jurisdiction and Venue

1. Plaintiff brings this action pursuant to the Employee Retirement Income Security Act of 1974, as amended ("ERISA"), 29 U.S.C. § 1001 *et seq.*, to recover benefits due under an employee benefit plan, and to recover costs and attorney's fees as provided by ERISA.

2. This Court has non-exclusive, subject matter jurisdiction pursuant to 29 U.S.C. § 1132(e)(1) and 28 U.S.C. § 1331. Under 29 U.S.C. § 1132(f), this Court has jurisdiction without regard to the amount in controversy or the citizenship of the parties.

-1-



3. Venue is properly in this judicial district pursuant to 29 U.S.C. § 1132(e)(2) because the breach took place in this district, and pursuant to 28 U.S.C. § 1391(b) because a substantial part of the events or omissions giving rise to Plaintiff's claim occurred in this district.

## II.   The Parties

4. Since 2015 and as of December, 2020, Plaintiff was a Senior Loan Officer for OneMain General Services Corporation ("OneMain") working from its office located in Oklahoma City, Oklahoma.

5. At all times relevant hereto, Hartford was and is a foreign (non-Oklahoma-based) insurance company having its principal place of business in Hartford, Connecticut. At all relevant times, Hartford was licensed and authorized to sell insurance within the State of Oklahoma and it transacts business within the State of Oklahoma and within this judicial district.

## III.   The Plan(s)

6. OneMain provided long term disability ("LTD") insurance coverage to its eligible employees through an ERISA-qualified welfare benefit plan (the "Plan"). At all relevant times, Plaintiff was eligible to participate in the Plan, did participate in the Plan, and was a participant in the Plan within the meaning of 29 U.S.C. § 1002(7).

7. Plan benefits were insured and paid by a group insurance policy issued by Hartford, Policy Number GLT-696961 (the "Policy").

8. The Plan sponsor and administrator was and is OneMain.

9. Hartford is the claims administrator and, in that capacity, is a named Plan fiduciary within the meaning of 29 U.S.C. § 1002(21)(A).

10. Benefit determinations with respect to claims for LTD benefits under the Plan were at all times relevant hereto made by Hartford.

11. Plaintiff was at all times relevant hereto a Class 1 employee as defined in the Policy.

12. Under the terms of the Policy, Class 1 employees were deemed Disabled if he/she/they was/were prevented from performing one or more of the Essential Duties of his/her/their Occupation during the Elimination Period and, following the Elimination Period and, as a result, his/her/their Monthly Earnings are less than 80% of his/her/their Indexed Pre-disability Earnings.

13. The only "Essential Duty" established by the Policy was the ability to work the number of hours in a claimant's regularly scheduled workweek.

14. In the Policy, Hartford agreed to pay a monthly benefit if plaintiff became disabled while insured under the Policy, was disabled throughout the elimination period, remained disabled beyond the elimination period and submitted a proof of loss claim to Hartford.

## IV. The Claim(s)

15. In the months and weeks immediately preceding December of 2020, Plaintiff developed shortness of breath, fatigue and persistent confusion, prevent-

ing him from performing one or more of the Essential Duties of his Occupation.

16. Plaintiff's last day worked was December 1st, 2020.

17. He applied for and was awarded short term disability benefits effective December 2nd, 2020.

18. After exhausting his STD benefits, Plaintiff applied for Plan LTD benefits on June 4th, 2021.

19. By adverse benefit determination ("ABD") dated August 19th, 2021, Plaintiff's LTD claim was denied.

20. Plaintiff administratively appealed the ABD. This appeal was denied ("the First DOA").

21. As permitted by the Plan, Plaintiff administratively appealed the ABD a second time. This appeal was also denied ("the Second DOA").

22. Plaintiff has performed and otherwise complied with all conditions precedent established/required by law and/or the Policy to bringing this action.

### A. First Claim for Relief - Breach of Contract - ERISA § 502 (a)(1)(B)

### The ABD

23. In reaching its initial claim decision and during the course of its investigation, Hartford failed to apply the terms of the applicable policy to Plaintiff's claim, conducted a skewed and a self-interested investigation and evaluation of Plaintiff's claim without treating his interest with equal regard to its own, mischaracterized record information, and cherry-picked record information which might

lend support to a claim denial while deemphasizing or disregarding record information supportive of Plaintiff's claim.

24. Further, the ABD failed to comply with applicable law, failed to specify the reason or reasons for the adverse determination, failed to identify the the specific plan provisions on which it was based and failed to describe any additional material or information necessary for Plaintiff to perfect his claim along with an explanation of why such material or information was necessary.

### The First Appeal

25. Further, in evaluating Plaintiff's First Appeal, Defendant continued to intentionally disregard medical information provided by Plaintiff in support of said appeal, continued to utilize and rely upon the adverse opinions of medical consultants chosen by Defendant based solely upon the likelihood that he/she/they would support denial of the appeal, failed to inform said consultant(s) of the Policy's provisions regarding the Essential Duties of Plaintiff's employment so that he/she/they could render an informed decision as to whether Plaintiff was capable of performing said duties and otherwise conducted a skewed and a self-interested review of the ABD without treating Plaintiff's interest with equal regard to its own, mischaracterized record information, and cherry-picked record information which might lend support to a claim denial while deemphasizing or disregarding record information supportive of Plaintiff's claim.

26. Further, the First DOA:

a) failed to specify its underlying reason or reasons;

b) failed to reference the specific plan provisions on which it was based;

c) failed to provide an explanation of the basis for disagreeing with the views expressed by the health care professionals treating the claimant and/or vocational professionals who evaluated the claimant;

d) failed to provide an explanation of the views of medical or vocational experts whose advice was obtained on behalf of the plan in connection with the ABD (without regard to whether the advice was relied upon in making the benefit determination) and;

e) failed to specify the internal rules, guidelines, protocols, standards or other similar criteria relied upon in making the adverse determination or, alternatively, a statement that such rules, guidelines, protocols, standards or other similar criteria of the plan do not exist.

f) Was not a full and fair review of Plaintiff's First Appeal as required by law

27. Accordingly, the First DOA was entirely arbitrary, capricious, and unsustainable.

**The Second Appeal**

28. Further, in evaluating Plaintiff's Second Appeal, Defendant continued to intentionally disregard medical information provided by Plaintiff in support of said appeal, continued to utilize and rely upon the adverse opinions of medical consultants chosen by Defendant based solely upon the likelihood that he/she/they would support denial of the appeal, failed to inform said consultant(s) of the Policy's provisions regarding the Essential Duties of Plaintiff's employment so that he/she/they could render an informed decision as to whether Plaintiff was capable of performing said duties and otherwise conducted a skewed and a self-interested review of the ABD without treating Plaintiff's interest with equal regard to its own,

mischaracterized record information, and cherry-picked record information which might lend support to a claim denial while deemphasizing or disregarding record information supportive of Plaintiff's claim.

29. Further, the Second DOA:

a) failed to specify its underlying reason or reasons;

b) failed to reference the specific plan provisions on which it was based;

c) failed to provide an explanation of the basis for disagreeing with the views expressed by the health care professionals treating the claimant and/or vocational professionals who evaluated the claimant;

d) failed to provide an explanation of the views of medical or vocational experts whose advice was obtained on behalf of the plan in connection with the ABD (without regard to whether the advice was relied upon in making the benefit determination) and;

e) failed to specify the internal rules, guidelines, protocols, standards or other similar criteria relied upon in making the adverse determination or, alternatively, a statement that such rules, guidelines, protocols, standards or other similar criteria of the plan do not exist.

f) Was not a full and fair review of Plaintiff's Second Appeal.

30. Accordingly, the Second DOA was entirely arbitrary, capricious, and unsustainable.

31. Plaintiff seeks a declaration from this Court that he is entitled to the LTD benefits due to him under the terms of the LTD Plan and LTD Policy, in the amounts and for the duration consistent with the terms of the LTD Plan and LTD Policy, and an Order that all future disability benefits (and related other employee benefits, including basic and voluntary life insurance coverage) should be paid and/or maintained pursuant to the terms of the LTD Plan and the LTD Policy.

32. Alternatively, Plaintiff seeks a declaration from this Court that Hartford's final claim decision is not the product of a full and fair review, and a related Order therefore reinstating his LTD/life insurance waiver claims, and remanding the matter to Hartford for a full and fair review.

33. By reason of Hartford's incorrect, unreasonable, and/or arbitrary and capricious claim decision, Plaintiff has been forced to retain an attorney to secure the LTD benefits due his under the terms of the LTD Plan, for which Plaintiff has and will incur attorney fees and costs of this action pursuant to 29 U.S.C. § 1132(g)(1). Plaintiff is entitled to recover the reasonable attorney fees and costs of this action pursuant to 29 U.S.C. § 1132(g)(1).

**WHEREFORE**, Plaintiff demands judgment against Defendant Hartford Life and Accident Insurance Company, as follows:

(1) For a declaration that Hartford improperly declined to pay his LTD benefits, and that he is entitled to receive the amount of benefits due under the terms of the LTD Plan that have not been paid, together with prejudgment and post-judgment interest thereon;

(2) For a declaration that all future long term disability benefits be paid and/or maintained pursuant to the terms of the LTD Plan; and/or

(3) For a declaration that after denying his claim for LTD benefits, Hartford denied him a full and fair review, and that as a consequence thereof, his claim should be approve Court and remanded for further claims procedures;

(4)     for the costs of this action, and Plaintiff's attorney fees pursuant to 29 U.S.C. § 1132(g); and

(5)     for such other and further relief as may be deemed just and proper by the Court.

Respectfully,

James W. Dunham, Jr., OBA #2532
2800 Bank of America Center
15 West 6th Street
Tulsa, OK. 74119
Voice: (918) 592-1144
Fax: (918) 592-1149
Email: elawyer@swbell.net
Counsel to Plaintiff